Benjamin Yaraus ⎱
    vs.    ⎰ No. 74538.
C. Perry White ⎰

DECISION.

July 30, 1929.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $73.25.

Plaintiff testified that while he was alone in his office at No. 4 Broad Street in Central Falls, defendant entered with a companion and demanded payment of a bill which was owing to the Globe Transportation Company. Plaintiff said that he did not owe that company anything, but after some words a check was written out by the defendant which was signed by the plaintiff. There was then written upon the writ a receipt in full by the defendant. Plaintiff further testified that the officer said that he was going to hold the check until the decision of the Court. The check was cashed the next day and no writ was returned into Court.

Defendant testified that the money was being held by him although mingled with his own funds in a Postal Savings deposit. He denied that any misrepresentations, as claimed, had been made by him to the plaintiff and said that the understanding was that the money was to be held by him pending an agreement by the parties to the bill and that the receipt was given upon the writ so that it would be a closed case if the parties did get together.

The transaction was a rather confused one as appeared from the testimony. The fact that the money was not turned over tends to support the idea of the plaintiff that he in some way, at some time, was to have an opportunity to appear in court and make his defence to the bill. If the money had at once been transmitted to the Globe Transportation Company, the transaction would have had the appearance of a genuine collection even though made through the application of some pressure as testified to by the plaintiff. The evidence of Mr. Desrosiers would indicate a genuine claim on the part of the Globe Transportation Company while the evidence of the plaintiff showed a possible defence through the Statute of Limitations.

From the evidence the jury may well have reached the conclusion that the money was paid by the plaintiff through a mistake of fact; that he un-

derstood from the entire occurrence and from the writ of the Court that he was to have an opportunity to make his defence to the bill in a court of law.

The constable in this case was entirely within his rights in serving the plaintiff with process and he might have attached the goods of the plaintiff, or he might have made a straight collection and turned the money over to the creditor, but the Court thinks that he was at least unwise, assuming that his own story is an accurate statement of what happened, in attempting to mingle the duties of an officer serving the process of the Court with those of a mere stakeholder. In the judgment of the Court the verdict of the jury should be upheld and the motion is therefore denied.

For plaintiff: Ralph B. Herzog and Arthur J. Long.

For defendant: C. S. Slocum.